Wilson v Wilson (2022 NY Slip Op 00389)





Wilson v Wilson


2022 NY Slip Op 00389


Decided on January 25, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 25, 2022

Before: Gische, J.P., Webber, Mendez, Rodriguez, Pitt, JJ. 


Index No. 350041/14 Appeal No. 15132 Case No. 2021-00762 

[*1]Mary Pearce Wilson, Plaintiff-Respondent,
v
Robert A. Wilson, Jr., Defendant-Appellant.


Cohen Goldstein, LLP, New York (Glenn S. Goldstein of counsel), for appellant.
Hoskins LLP, Uniondale (Sharon T. Hoskins of counsel), for respondent.



Order, Supreme Court, New York County (Matthew F. Cooper, J.), entered on or about December 23, 2020, which, to the extent appealed from as limited by the briefs, denied defendant husband's motion to vacate the judgment of divorce, unanimously affirmed, without costs.
During the proceedings, which commenced in 2014, defendant relocated from Manhattan to a former marital property in North Carolina. In April 2017, after the court granted plaintiff wife a divorce, defendant chose to represent himself for the remainder of the trial and his counsel withdrew from representation. Trial on financial issues was scheduled to begin August 8, 2017. Supreme Court denied defendant's repeated requests for an adjournment. On July 24, 2017 the court directed defendant to submit an affidavit from his treating physician to support his claim that his medical condition prevented him from proceeding to trial. No affidavit was provided in advance of the trial. On August 4, 2017, however, defendant submitted a note from a physician's assistant at a healthcare center in North Carolina, stating that he had preexisting medical conditions, including seizures, and that he had been advised to avoid stressors that could trigger seizures, such as travel, pending testing and further evaluation.
When defendant failed to appear for trial on August 8, 2017, Supreme Court determined him to be in default and held an inquest. After the inquest, a judgment of divorce was entered, memorializing the court's decision. Defendant then moved to vacate the judgment.
Supreme Court providently rejected defendant's excuse for failing to appear at trial because of his seizure condition and health issues (CPLR 5015[a][1]; see Ugweches v Ugweches, 78 AD3d 558, 559 [1st Dept 2010]; Goldman v Cotter, 10 AD3d 289, 291 [1st Dept 2004]). Defendant's health condition existed from at least June 2016. While the court did not dispute defendant's medical issues, it observed that defendant was able to participate in the proceedings from June 2016 to August 2017 and that there were no changes in his condition that would render him unable to attend trial in August 2017. Although defendant's new North Carolina care team recommended that he avoid stressors, defendant was not affirmatively told not to travel. Moreover, the care team only began treating defendant after he had repeatedly sought adjournments. There is no basis to disturb Supreme Court's determination that based on its prior observations of defendant, defendant was using his preexisting medical condition to prolong the proceedings.
Based on the foregoing, we do not reach the issue of whether defendant had a meritorious defense.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 25, 2022